

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-31-2005

# Tadros v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2377

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

## Recommended Citation

"Tadros v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1404.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1404

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-2377

_____

MAGDE WADI TADROS; LIDIA TALAAT SADEK; MIRA MAGDE WADI
TADROS; MAHA MAGDE WADI TADROS

Petitioners

v.

Attorney General of the United States

Respondent

_____

Petition for Review of an Order
of the Board of Immigration Appeals
(Nos. A70-580-537, A70-580-538, A70-580-539, A70-580-540)

_____

Argued: March 10, 2005

Before: SCIRICA, Chief Judge, ROTH and ALDISERT, Circuit Judges

(Filed: March 31, 2005)

Jeffrey B. Steinfeld, Esq. (Argued)
25 East Salem Street, Suite 400
Hackensack, New Jersey 07601

    Attorney for Petitioner

Michele Y. F. Sarko, Esq. (Argued)
Christopher C. Fuller, Esq.
Lyle D. Jentzer, Esq.
William C. Minick, Esq.
United States Department of Justice
Office of Immigration Litigation
Civil Division
P.O. Box 878, Ben Franklin Station
Washington, D.C. 20044

       Attorney for Respondent

------------

## OPINION OF THE COURT

------------

ALDISERT, <u>Circuit Judge</u>.

    Madge Wadi Tadros, Lidia Talaat Sadek, Mira Madge Wadi Tadros and Maha Madge Wadi Tadros seek review of the final order of the Board of Immigration Appeals ("BIA") affirming without opinion the Immigration Judge's ("IJ's") denial of their petitions for asylum and withholding of removal. <u>See</u> <u>Dia v. Ashcroft</u>, 353 F.3d 228, 245 (3d Cir. 2003) (en banc) (instructing that where the BIA summarily affirms the IJ's decision we have jurisdiction to review the IJ's decision). Petitioners asserted a fear of persecution on the basis of their Coptic Christian religion. We will remand to the BIA for further findings on the issue of changed country conditions.

I.

    Because we write only for the parties, who are familiar with the facts, procedural history and contentions presented, we will not recite them except as necessary to the discussion.

## II.

The IJ denied asylum to Petitioners on April 24, 1998, in part because of a determination that "there is not a pattern or practice of persecution against Coptic Christians in Egypt, as the Court understands the background materials that have been submitted." (Op. of the IJ at 15-16.) That determination was made on the basis of information available at that time. The BIA affirmed the decision of the IJ four years later on April 10, 2003, but did not conduct any additional findings of fact. In 2004, the United States Court of Appeals for the Ninth Circuit expressed the view that recent changes in country conditions in Egypt may have made life worse for Coptic Christians. Malty v. Ashcroft, 381 F.3d 942, 945-946 (2004). The length of time that has elapsed since the IJ's opinion and findings concerning country conditions counsel against reliance on findings that may be stale.

Congress has committed to administrative judges the task of assessing country conditions in the first instance. Immigration and Naturalization Serv. v. Orlando Ventura, 537 U.S. 12, 16-17 (2002). We believe that remand "could lead to the presentation of further evidence of current circumstances . . . that may well prove enlightening" given the amount of time that has lapsed since the IJ made its findings in 1998. Id. at 18. We will therefore vacate the opinion of the IJ and remand for new findings about the conditions in Egypt for Coptic Christians.

* * * * *

The petition for review will be granted and the proceedings remanded to the BIA

with instruction for a new hearing to be conducted before the IJ, all in conformance with the foregoing.